1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    DERRYL RAY EASTER,                          Case No.: 1:21-cv-01227 CDB (PC)

12                   Plaintiff,
                                                  **FINDINGS AND RECOMMENDATIONS
13          v.                                    TO DISMISS THIS ACTION FOR
                                                  PLAINTIFF'S FAILURE TO OBEY
14    S. SMITH, et al.,                           COURT ORDERS AND FAILURE TO
                                                  PROSECUTE**
15                   Defendants.
                                                  Clerk of the Court to Assign District Judge
16
                                                  **14-DAY OBJECTION PERIOD**
17

18

19          Plaintiff Derryl Ray Easter is proceeding *pro se* and *in forma pauperis* in this civil rights

20    action brought pursuant to 42 U.S.C. § 1983.

21          **I.      INTRODUCTION**

22          On January 11, 2023, the Court issued a screening order directing Plaintiff to file a second

23    amended complaint curing the deficiencies in his pleading or a notice of voluntary dismissal.

24    (Doc. 14.) Despite being given 21 days within which to file a second amended complaint or a

25    notice of voluntary dismissal, Plaintiff has failed to do so.

26          **II.     DISCUSSION**

27                  **A.  Legal Standard**

28          The Local Rules of the Eastern District of California, corresponding with Federal Rule of

1   Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the

2   Court may be grounds for the imposition by the Court of any and all sanctions … within the

3   inherent power of the Court." Local Rule 110. "District courts have inherent power to control

4   their dockets" and, in exercising that power, may impose sanctions, including dismissal of an

5   action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A

6   court may dismiss an action based on a party's failure to prosecute an action, obey a court order,

7   or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

8   (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal*

9   *Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);

10  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and

11  to comply with local rules).

12        In determining whether to dismiss an action, the Court must consider several factors:

13  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

14  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

15  cases on their merits; and (5) the availability of less drastic sanctions.  *Carey v. King*, 856 F.2d

16  1439, 1440 (9th Cir. 1988).

17              **B.  Analysis**

18        Here, Plaintiff has failed to file an amended complaint or, alternatively, to file a notice of

19  voluntary dismissal. The Court cannot effectively manage its docket if Plaintiff ceases litigating

20  his case. Thus, the Court finds that both the first and second factors—the public's interest in

21  expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of

22  dismissal. *Carey*, 856 F.2d at 1440.

23        The third factor weighs in favor of dismissal since a presumption of injury arises from the

24  occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524

25  (9th Cir. 1976). Here, the Court's Screening Order issued January 11, 2023. (Doc. 14.) The Court

26  determined Plaintiff had failed to state any claim upon which relief could be granted. (*Id*. at 5-6.)

27  Plaintiff was ordered to file a second amended complaint, curing the deficiencies identified in the

28  Order, within 21 days. (*Id*. 6-7.) Alternatively, Plaintiff could file a notice of voluntary dismissal.

1   (*Id.*) Plaintiff has failed to file an amended complaint or a notice of voluntary dismissal.

2   Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a

3   presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs

4   in favor of dismissal. *Carey*, 856 F.2d at 1440.

5          The fourth factor usually weighs against dismissal because public policy favors

6   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

7   "this factor lends little support to a party whose responsibility it is to move a case toward

8   disposition on the merits but whose conduct impedes progress in that direction." *In re*

9   *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

10  (citation omitted). By failing to file an amended complaint or a notice of voluntary dismissal,

11  Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the

12  public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*,

13  856 F.2d at 1440.

14         Finally, the Court's warning to a party that failure to obey the court's order will result in

15  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

16  The Court's January 11, 2023 Screening Order expressly warned Plaintiff as follows: "**If Plaintiff**

17  **fails to comply with this order, the Court will recommend that this action be dismissed,**

18  **without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 14 at

19  7; *see also* Doc. 3 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].)

20  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

21  Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of

22  dismissal. *Carey*, 856 F.2d at 1440.

23         **III.    CONCLUSION AND RECOMMENDATIONS**

24         The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

25         For the reasons given above, the undersigned RECOMMENDS that this action be

26  DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

27         These Findings and Recommendations will be submitted to the United States District

28  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

1   of the date of service of these Findings and Recommendations, Plaintiff may file written

2   objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

3   Findings and Recommendations." Plaintiff's failure to file objections within the specified time

4   may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

5   2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6   IT IS SO ORDERED.

7   Dated:   **February 10, 2023**          _____

8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28